NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MIKE SIANIEWICZ, PETITIONER, v. SCHOULER CONCRETE
AND CONSTRUCTION COMPANY, RESPONDENT.

For the petitioner, *Stephen J. Lorenz.*

For the respondent, *McCarter & English.*

\* \* \* \* \* \* \*

Petitioner alleges that he sustained an accident arising out of and in the course of his employment with the respondent on June 29th, 1927. He says that at that time he was employed by the respondent as a laborer and while so engaged in and about his duties was struck by a passing automobile as a result of which he was thrown to the pavement and received serious permanent injury. He alleges that it was necessary for six stitches to be taken in his head; that he sustained severe bruises to the right foot and leg; that since the accident he becomes very dizzy at short intervals and is very irritable and nervous to a high degree; that his eyesight has been impaired and that he is not at the present time able to work in an ordinary manner but claims very serious total permanent disability.

Respondent denies that the petitioner sustained any injury to his head or any severe bruises to his right foot and leg, or that the petitioner becomes dizzy or is irritable and nervous, or that his eyesight has been impaired, or that he is

unable to work as normally by reason of any accident alleged to have occurred in and out of the course of the petitioner's employment with the respondent.

The respondent contends that the petition filed by the petitioner is out of time, inasmuch as the statutory period of one year has elapsed from the time of the accident or the time of last payment to the date of the filing of the petition. The petitioner alleges that his petition is not out of time by reason of the fact that the final report was not signed by the petitioner nor was such report ever submitted to the petitioner, whereby the statute of limitations in this case is claimed not to have expired.

From all the testimony taken in the case and in view of the information contained in the records of this court pertaining to this case, this court finds as a fact that the alleged accident to the petitioner occurred on June 29th, 1927; that the petition was filed by the petitioner on November 3d, 1928, more than one year after the date of the accident or the date of last payment of compensation to the petitioner. This court further finds that the employer of the petitioner, namely the respondent herein, and the insurance carrier of the said employer complied with all the statutory requirements regarding the forms which were to be executed by them and submitted to the petitioner, and in turn filed with this department, and this court further finds that there was no refusal of the petitioner to sign any final form. This court being satisfied, therefore, that the statutory period of limitations expired before the filing of the petition in this case, and that there is no reason why the said statutory period of limitations should not apply.

\*　　\*　　\*　　\*　　\*　　\*　　\*

HARRY J. GOAS,
*Deputy Commissioner.*